IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GIANNINI STRATEGIC ENTERPRISES, LLC<br><br>v.<br><br>STAR D ENTERPRISES, INC., et al. | Case No. 1:16-cv-00187-LMB-MSN<br><br>District Judge: Leonie M. Brinkema<br>Magistrate Judge: Michael S. Nachmanoff |

## JOINT DISCOVERY PLAN

Plaintiff Giannini Strategic Enterprises, LLC ("Plaintiff" or "GSE"), Defendants Star D Enterprises, Inc. ("Star D"), Julie Dennis ("Ms. Dennis"), and Leon Dennis, Jr. ("Mr. Dennis") (collectively, the "Parties"), by and through their undersigned counsel, submit this proposed Joint Discovery Plan ("Plan") pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16(B), and the Order entered April 20, 2016 ("April 20 Order") by this Court (Dkt. 18).  On May 6, 2016, counsel for the parties conferred by telephone regarding the matters set forth in Rule 26(f).

**I.     PROTECTIVE ORDER**

The parties shall submit a stipulated protective order to the Court within two weeks after resolution of motions to dismiss.  The parties mutually agree that until

the Court enters a protective order, all documents produced pursuant to this Plan and in response to discovery requests dealing with the Parties' customers shall be treated by the receiving party as Attorney's Eyes Only, unless otherwise designated (before or after production) by the producing party or otherwise agreed by the parties. In no event shall any party withhold producing its documents based on confidentiality concerns (other than third-party obligations), or the fact that the protective order has not yet been entered.

## II. SCHEDULE

### A. Rule 16(a)(1) Initial Disclosures

The parties agree to serve their Rule 26(a)(1) disclosures on, or before, May 20, 2016. The Parties further agreed that disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) shall be limited to descriptions of categories of documents and custodians of those documents.

### B. Join Other Parties

The parties agree that any joinder required should be done before June 30, 2016.

### C. Amend the Pleadings

The parties agree that any amendments to the pleadings should be done before June 30, 2016.

### D. Expert Reports

All initial expert reports for matters on which a party bears the burden of proof, shall be served on, or before, August 19, 2016. Supplemental expert reports shall be served on, or before, September 16, 2016. All rebuttal reports shall be served on, or before, September 30, 2016.

### E. Depositions

All non-expert depositions will be completed no later than September 9, 2016. All expert depositions will be completed no later than October 7, 2016.

### F. Dispositive Motions

Each Defendant has filed a Motion to Dismiss for Lack of Jurisdiction. These motions are currently pending. All dispositive and *Daubert* motions shall be filed no later than October 14, 2016, responsive briefs shall be filed by October 28, 2016, and rebuttal briefs shall be filed by November 7, 2016. If a dispositive motion is filed before this date, then the time for filing all oppositions and replies shall be governed by the Federal Rules of Civil Procedure and the Local Rules. The parties respectfully request that the trial of this action be scheduled sufficiently beyond November 7, 2016 to allow the Court to consider and rule on the anticipated dispositive motions.

### G. Rule 26(a)(3) Pretrial Disclosures

The Court's Scheduling Order indicates that the Final Pretrial Conference will be held on Thursday, September 15, 2016 at 10:00 a.m.

## III. ADDITIONAL DISCOVERY LIMITATIONS

The parties further agree as follows:

### A. Subjects of Discovery

Plaintiff's subjects of discovery include, but are not limited to, the following: the allegations and claims set forth in the Complaint; the statements, allegations, and admissions made in Defendants' Answer; if later applicable, representations and communications between Defendants and with third parties by Defendants and any other information or communications relevant to this case.

Defendants' subjects of discovery include, but are not limited to, the following: the allegations and claims set forth in the Complaint; allegations, and admissions made in Defendants' Answer, if later applicable, and any other information or communications relevant to this case.

### B. Service of Discovery Materials

All discovery requests, responses and objections, and notices, and other documents not served through the Court's ECF system, shall be served under Fed. R, Civ. P. 5(b)(2)(E) by email to all attorneys of record and each such document shall be deemed to have been served on that day pursuant to Fed. R. Civ. P.

5(b)(2)(A). If such e-mail service is sent on a Saturday, Sunday or Legal Holiday recognized by the Court, the paper shall be deemed to have been served on the very next business day pursuant to Fed. R. Civ. P. 5(b)(2)(A) following the Saturday, Sunday or Legal Holiday recognized by the Court. The attorney receiving the discovery request, response and objections, notices and other documents served via e-mail will acknowledge receipt within 24 hours of the service date.

**C. Non-Expert Depositions**

Absent agreement or Court order, no individual may be deposed more than once, unless an individual is also designated as an expert witness, or a corporate witness under Fed. R. Civ. P. 30(b)(6), such that in addition to the deposition of the individual in his or her personal capacity, he or she may be deposed only in his or her capacity as a corporate designee with respect to the subjects designated in the deposition notice.

**D. Privilege Logs**

The parties agree to make a good-faith effort to provide a privilege log within twenty-one (21) calendar days after production of documents in response to document requests, with the specific understanding that the production of documents themselves may be done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs may be expected. The

parties agree that privileged or work-product protected documents and things created after the date of the filing of the original Complaint in this matter need not be identified on any such privilege log.

**E. Discovery of Electronically Stored Information**

Each Party agrees to preserve relevant electronically stored information in accordance with the Federal Rules of Civil Procedure. The Parties agreed that they will address the form of production of electronically stored information (e.g., electronic v. hard copy) in the context of specific discovery requests and bring any disputes to the Court at that time. The parties agreed that most of the materials at issue in this case are likely electronically stored and, in the interest of creating the most complete picture of the underlying facts, both parties reserved the right to issue subpoenas to third parties as necessary to recover all relevant information, and not merely rely on records maintained by the named parties in this lawsuit.

**F. Discovery Requests**

The parties agree to exchange discovery in native format or an agreed to format.

**G. Miscellaneous**

As to any discovery dispute, the lead lawyers will meet and confer by telephone or in person before any discovery motion is filed. No one will write letters to another party regarding discovery disputes, until after the potential

dispute is discussed in person, by e-mail, or by telephone. Each side will number their deposition exhibits sequentially, regardless of the identity of the deponent and the same numbers will be used in pretrial motions.

IV. **SETTLEMENT CONFERENCE**

Plaintiff's counsel indicated that he would make efforts to supply Defendants with a settlement proposal shortly.

The parties may request that the Court refer the parties to consult with a Magistrate Judge regarding settlement.

The parties also discussed the possibility of a non-binding case evaluation with a neutral third-party. However, the parties agree that these efforts would benefit greatly from discovery before such settlement, mediation, or third-party evaluation is undertaken.

V. **OTHER MATTERS**

A. The parties expect the trial of this matter to last four (4) days.

B. The parties do not agree to proceed to trial before a magistrate judge. The parties agree that a magistrate judge may preside over any disputes or issues relating to discovery.

C. A jury trial has been demanded.

D. The parties agree that there is no need to bifurcate trial or discovery.

E. The parties jointly propose that a final pre-trial date be set after the completion of all discovery or upon the Court's decision on any dispositive motions are filed.

**SO STIPULATED**

| | |
|---|---|
| */s/ Steven War* | */s/* Eric J. Menhart |
| Steven M. War (VSB # 45048) | Eric J. Menhart (*pro hac vice*) |
| McNeely, Hare & War LLP | Bianca Black, (VSB # 87324) |
| 5335 Wisconsin Ave, N.W., Suite 440 | Lexero Law |
| Washington, DC 20015 | 316 F St. NE, Suite 101 |
| Telephone: 202. 536.5877 | Washington, D.C. 20002 |
| Facsimile: 202. 478.1813 | Phone: (855) 453-9376 |
| E-mail: steve@miplaw.com | Fax: (855) 453-9376 |
| | Eric.Menhart@Lexero.com |
| *Attorney for Plaintiff Giannini* | Bianca. Black@Lexero.com |
| *Strategic Enterprises, LLC* | |
| | *Attorneys for Defendants* |

# ATTACHMENT A

## PROPOSED DISCOVERY SCHEDULE AND OTHER DEADLINES

| Event | Deadline |
|---|---|
| Discovery opens | Wednesday, May 11, 2016 |
| Initial disclosures due | Friday, May 20, 2016 |
| Deadline for amendment of pleadings, joinder of parties | Friday, June 30, 2016 |
| Deadline for parties to serve document requests and interrogatories | Friday, August 10, 2016 |
| Deadline for any proponents of any expert testimony to serve their disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2). | Friday, August 19, 2016 |
| Deadline for completion of fact discovery | Friday, September 9, 2016 |
| Deadline for raising all discovery disputes with the court | Wednesday, September 14, 2016 |
| Pretrial conference | Thursday, September 15, 2016 |
| Deadline for proponents of any expert testimony to supplement initial expert reports with additional information obtained during the final period of fact discovery | Friday, September 16, 2016 |
| Deadline for all parties to serve all rebuttal expert disclosures and reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii). | Friday, September 30, 2016 |

| | |
|---|---|
| Deadline for completion of expert discovery | Friday, October 7, 2016 |
| Deadlines for motion for summary judgment or other dispositive motions | Friday, October 21, 2016 |
| Trial dates | To be determined by the court |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2016 the above and foregoing will be electronically filed with the Clerk of the Court using the CM/ECF system, which will send an automatic notification to all attorneys of record for this matter:

*/s/ Steven War*

Steven War (VSB # 45048)
McNeely, Hare & War LLP
5335 Wisconsin Avenue, Suite 440
Washington, D.C.  20015
(202) 536-5877 tel.
(202) 478-1813 fax
Email: steve@miplaw.com

*Attorney for the Plaintiff Giannini Strategic Enterprises, LLC*